# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| BREN INSURANCE SERVICES, INC., d/b/a ACTION PHARMACEUTICAL CONSULTING, a California corporation, | ) ) ) ) | CASE NO. 5:20-cv-1802 |
| PLAINTIFF, | ) ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| ENVISION PHARMACEUTICAL SERVICES, LLC f/k/a ENVISION PHARMACEUTICAL SERVICES, INC. d/b/a ENVISIONRX d/b/a ELIXIR RX, an Ohio limited liability company, and CAROL BAILEY, an individual, | ) ) ) ) ) ) ) ) | |
| DEFENDANTS. | ) | |

On March 2, 2022, defendant Carol Bailey ("Bailey") filed a motion to dismiss for lack of personal jurisdiction. (Doc. No. 49.) In a memorandum opinion and order filed on October 5, 2022, the Court determined that it could not exercise personal jurisdiction over Bailey in Ohio but requested supplemental briefing from the parties as to whether the Court should (1) dismiss the claim against Bailey; (2) transfer the claim against Bailey to the United States District Court for the Northern District of Texas; or (3) transfer the entire case to the United States District Court for the Northern District of Texas. (Doc. No. 63.) On October 19, 2022, plaintiff Bren Insurance Services, Inc., d/b/a Action Pharmaceutical Consulting ("APC") filed a brief in support of transferring the entire action to the United States District Court for the Northern District of Texas. (Doc. No. 66.) Defendant Envision Pharmaceutical Services, LLC ("Envision") and Bailey filed separate briefs, each opposing transfer of the claim against them to the United States District Court for the Northern District of Texas. (Doc. Nos. 67, 68.) APC filed a reply, with leave of Court.

(Doc. No. 70.) This matter is now ripe for the Court's review. For the reasons discussed herein, the Court finds that it is in the interest of justice to transfer this entire action to the United States District Court for the Northern District of Texas for further proceedings.

## I.  BACKGROUND

The Court included a detailed factual background in its October 5, 2022 memorandum opinion and order (Doc. No. 63), but, relevant to the issue of transfer, the Court reiterates that APC initiated this action on August 13, 2020, against one defendant—Envision—alleging a single claim for breach of contract. (Doc. No. 1 (Complaint).) After some written discovery, APC filed a first amended complaint on December 27, 2021, adding Bailey as a defendant. (Doc. No. 34 (First Amended Complaint).) In the first amended complaint, APC alleges that Bailey is liable for intentional interference with contractual relations, namely, APC's contract with Envision. (*Id.* ¶¶ 28–38.) Bailey is a resident of the State of Texas and has been a resident of the State of Texas at all relevant times. (*Id.* ¶ 3.) APC is a corporation organized under the laws of the State of California, with a principal place of business in California. (*Id.* ¶ 1.) Envision is a limited liability company organized under the laws of the State of Ohio, with a principal place of business in Ohio, and its members and sub members are residents of Ohio, Delaware and Pennsylvania. (*Id.* ¶ 2; Doc. No. 66, at 9[1] (citing (Doc. No. 13) ¶¶ 2–3).)

Envision provides "Pharmacy Benefit Management Services" to customers, referred to as "Sponsors." (Doc. No. 34 ¶ 10.) APC alleges that, effective December 1, 2008, APC and Envision executed a written agreement (the "Agreement") under which APC agreed to provide "knowledge and expertise" in marketing Envision's Pharmacy Benefit Management Services to Sponsors. (*Id.*

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system.

2

¶¶ 8–10.) The Agreement provided that Envision would compensate APC for certain Sponsors that APC successfully induced into using Envision's Pharmacy Benefit Management Services. (*Id.* ¶¶ 11, 16.) APC alleges that it induced "multiple Sponsors" to use Envision's Pharmacy Benefit Management Services, including, as relevant here, the City of Coppell and Smith County, which are both located in Texas. (*Id.* ¶¶ 12, 25; Doc. No. 49-1 (Declaration of Carol Bailey) ¶ 8.)

APC alleges that Bailey intentionally procured Envision's breach of the Agreement by getting Envision to not pay APC on those two accounts. (*Id.* ¶¶ 31–33; *see also id.* ¶¶ 21–22, 26 (alleging Envision breached the Agreement as to these two accounts only).) The core of APC's claim against Bailey stems from two communications Bailey had with persons in Texas concerning these two APC-Envision accounts in Texas. (*Id.* ¶¶ 34–35; Doc. No. 49-1 ¶¶ 11–12.) One of these communications was an email to Texas resident Leo Gutierrez, who worked for a Texas company (Brinson), which was Envision's insurance broker. (Doc. No. 34 ¶ 34; Doc. No. 49-1 ¶ 11.) The other communication was a phone call with Texas resident Glenn Jasper, who worked for Envision. (Doc. No. 34 ¶ 35; Doc. No. 49-1 ¶ 12.) At all relevant times Leo Gutierrez and Glenn Jasper were residents of the State of Texas. (Doc. No. 49-1 ¶¶ 9, 11, 12.)

## II. STANDARD OF REVIEW

The Court's authority to transfer venue lies in 28 U.S.C. §§ 1404(a) and 1406(a). Section 1404(a) permits a transfer to any district where the case could have been brought originally for "the convenience of parties and witnesses" and in the "interest of justice[.]" Section 1406(a) also enables a district court, "in the interest of justice," to transfer venue to "any district or division in which it could have been brought" when venue is improper in the original forum. While a transfer under Section 1404(a) may not be granted when a court lacks personal jurisdiction over a defendant, *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993) (citing *Martin v. Stokes*,

623 F.2d 469, 474 (6th Cir. 1980)), Section 1406(a) does not require such jurisdiction prior to transferring the case. *See Flynn v. Greg Anthony Constr. Co.*, 95 F. App'x 726, 739 (6th Cir. 2003) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962)); *see also Martin*, 623 F.2d at 473–74 ("The law in [the Sixth Circuit], therefore, is that § 1406(a) provides the basis for any transfer made for the purpose of avoiding an obstacle to adjudication on the merits in the district court where the action was originally brought. That defect may be either improper venue or lack of personal jurisdiction.").

### III. DISCUSSION

#### A. Transfer of the Claim Against Bailey

APC asks this Court to transfer the claim against Bailey for tortious interference with a contract so it may continue its litigation of the claim in the proper venue. (Doc. No. 66, at 6.) Bailey contends that the Court cannot transfer the claim against her because the Court does not have personal jurisdiction over her. (Doc. No. 68, at 2.) Bailey's contention ignores relevant statutory authority. This Court has authority under 28 U.S.C. § 1406(a) to transfer the claim to the United States District Court for the Northern District of Texas if (1) the case could have been brought there and (2) transfer would be in the interest of justice. The Court finds that it is appropriate to transfer the claim against Bailey to the United States District Court for the Northern District of Texas.

This action could have been brought in the Northern District of Texas. First, like this Court, the Northern District of Texas would have subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because APC is a resident of a different state than Bailey and APC has alleged damages exceeding $75,000.00. Second, Section 1391(b)(2) provides that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to

the claim occurred, or a substantial part of property that is the subject of the action is situated[,]" 28 U.S.C. § 1391(b)(2), and there is no dispute that this entire action revolves around two accounts located in Texas (Doc. No. 49–1 ¶ 8), one of which is located in the Northern District of Texas. Third, Bailey, by her own admission, is subject to personal jurisdiction in the Northern District of Texas because she is (and was at all relevant times) a resident of Texas. (*Id.* ¶¶ 1, 3.)

Further, while Bailey does not raise the issue, there seems to be a factual dispute as to whether Texas's two-year statute of limitations for tortious interference with a contract ran for a period before APC filed the operative complaint against Bailey in this Court. (*See* Doc. No. 66, at 18; Doc. No. 67, at 3.) While the Court makes no determination as to the timeliness of the present action, the time-sensitive nature of APC's claim suggests that the interest of justice would best be served by transferring the case to an appropriate venue. *Kiddey v. Transp. Sec. Admin.*, No. 5:21-cv-1829, 2022 WL 3577412, at *3 (N.D. Ohio Aug. 19, 2022) (transferring case to avoid potential statute of limitation issues if case was dismissed and refiled). *See also Magna Powertrain De Mexico S.A. De C.V. v. Momentive Performance Materials USA LLC*, 192 F. Supp. 3d 824, 831–32 (E.D. Mich. 2016) ("The plaintiff has not persuaded the Court that it has personal jurisdiction over the defendant to adjudicate the claims raised in the complaint. However, dismissal of the case is not an appropriate remedy, when transfer to another district will solve the problem raised by the motion to dismiss.").[2]

---

[2] Section 1631 also supports a transfer of these claims. It provides that when the court "finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought[.]" 28 U.S.C. § 1631. The Sixth Circuit has observed that §§ 1406(a) and 1631 are "similar provision[s]" that "confer broad discretion in ruling on a motion to transfer." *Stanifer v. Brannan*, 564 F.3d 455, 456–57 (6th Cir. 2009).

### B. Transfer of the Claim Against Envision

Having decided to transfer the claim against Bailey to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1406(a), the Court must now decide whether to transfer the claim against Envision to United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). *See Costaras v. NBC Universal, Inc.*, 409 F. Supp. 2d 897, 908 (N.D. Ohio 2005) ("In situations where venue is proper for one defendant but not for another, the court may transfer the entire case to another district that is proper for both defendants or sever the claims." (citing *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 296 (3d Cir. 1994))); *see also Veteran Payment Sys., LLC v. Gossage*, No. 5:14-cv-981, 2015 WL 545764, at *8 (N.D. Ohio Feb. 10, 2015) (transferring certain claims under § 1404(a) and others under § 1406(a)); *Brink v. Ecologic, Inc.*, 987 F. Supp. 958, 967 (E.D. Mich. 1997) (same).

A district court decides motions to transfer under 28 U.S.C. § 1404(a) on a case-by-case basis, using a two-step analysis. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 28, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988); *Norwood v. Kirkpatrick*, 349 U.S. 29, 75 S. Ct. 544, 99 L. Ed. 789 (1955). First, the court must determine whether the case "might have been brought" in the transferee court. *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 21, 80 S. Ct. 1470, 4 L. Ed. 2d 1540 (1960). If so, the court then balances several factors, including the convenience of the parties and witnesses, judicial economy, and the interests of justice. *See Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991).

APC's claim against Envision could have been brought in the Northern District of Texas. First, the Northern District of Texas would have subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because APC is a resident of a different state than Envision and APC has alleged damages exceeding $75,000.00. Second, as discussed above, there is no dispute that this

entire action revolves around two accounts located in Texas, one of which is located in the Northern District of Texas. *See* 28 U.S.C. § 1391(b)(2). (See Doc No. 67, at 6 ("The only two accounts at issue left in APC's lawsuit against Envision are Smith County and the City of Coppell.").) Third, Envision does not dispute in its opposition brief that it is subject to personal jurisdiction in the Northern District of Texas (*see* Doc. No. 67), and on its own analysis, the Court finds that Envision would be subject to personal jurisdiction in the Northern District of Texas because it conducts substantial business there, including business that gave rise to this suit.[3]

For the second step of the Section 1404(a) analysis, the Sixth Circuit has outlined several factors that a district court should consider when deciding whether to transfer venue, including the private interests of the parties and other public interests concerns. *Moses*, 929 F.2d at 1137. "Courts are to consider both the private interests of the litigants and the public interests in the administration of justice." *Emerman v. Fin. Commodity Invs., LLC*, No. 1:13-cv-2546, 2014 WL 12588501, at *2 (N.D. Ohio July 22, 2014) (citing *Gulf Oil v. Gilbert*, 330 U.S. 501, 508–09, 67 S. Ct. 839, 91 L. Ed. 1055 (1947), *superseded on other grounds by* 28 U.S.C. § 1404).

In *Gulf Oil*, the Supreme Court explained:

> Important considerations [of the litigants] are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Gulf Oil*, 330 U.S. at 508. "Public interests include '[d]ocket congestion, the burden of trial to a jurisdiction with no relation to the cause of action, the value of holding trial in a community where the public affected live, and the familiarity of the court with controlling law.'" *Emerman*, 2014

---

[3] Envision contends APC's claims as to one of the accounts at issue is barred by the statute of limitations. While the Court makes no determination as to the merits of that defense, it notes that Envision seems to concede that there is no statute of limitations issue with respect to the second account at issue. (Doc. No. 67, at 2–3, 6.) Therefore, this is not a reason any timely claims against Envision could not have been brought in the Northern District of Texas.

WL 12588501, at *3 (quoting *Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp. 2d 941, 945 (S.D. Ohio 2002)).

Importantly, "no one factor [that a district court should consider] is determinative." *Stewart v. Dow Chem. Co.*, 865 F.2d 103, 106 (6th Cir. 1989). The moving party has the burden of establishing that the factors weigh "strongly" in favor of transfer. *Picker Int'l, Inc. v. Travelers Indem. Co.*, 35 F. Supp. 2d 570, 573 (N.D. Ohio 1998) (citing *Bacik v. Peek*, 888 F. Supp. 1405, 1414 (N.D. Ohio 1993)). "[A] district court has broad discretion to grant or deny a motion to transfer [a] case." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (internal quotation marks and citation omitted). A balance of the relevant factors favors transfer.

### 1. Convenience of the Witnesses and Parties

These factors are neutral because the Northern District of Texas is not a plainly convenient venue for either party or their key witnesses, but it is not plainly inconvenient either. APC is a California company but represents that Aaron Bren ("Bren") is "likely . . . the only witness appearing on behalf of APC" and he avers that he has a residence in Texas, suggesting he considers Texas to a be a convenient venue for him. (Doc. No. 66-2 ¶ 2.[4]) Envision is an Ohio company and, understandably, contends that Ohio is the more convenient venue. (Doc. No. 67, at 5.) But Envision also conducts business in Texas and this dispute is focused on that activity. Envision personnel in Ohio may be called as witnesses, but there are also Envision personnel in Texas who will likely be called as witnesses, including Glenn Jasper. (Doc. No. 66, at 15; Doc No. 67-5, at 4.) Further,

---

[4] Envision confusingly suggests it knows better than Bren by contending that Bren actually lives in California, and, thus, it is insincere for Bren to aver that a transfer to Texas would make it significantly easier for APC to bear the expense of trial. (*See* Doc. No. 67, at 4–5.) But Envision does not seem to dispute Bren's point that he "has a residence" in Texas. (*Id.*; Doc. No. 66-2 ¶ 2.) That Bren maintains a residence in Dallas could certainly make it easier for APC to bear the expense at trial if for no other reason than APC might not have to pay for transportation and accommodations for this witness. The Court does not find there is any reason to doubt the sincerity of Bren's declaration.

8

both APC and Envision acknowledge that advancements in technology have diluted the inconvenience suffered by witnesses and parties in a distant venue. (*See* Doc. No. 66, at 15; Doc. No. 67, at 5–6.) And while the Court understands some identified witnesses may reside in Ohio and California, as mentioned, there are also witnesses residing in the Northern District of Texas. (*See* Doc. No. 66, at 14.)

### 2. Choice of Law

This factor is also neutral because the contract at issue is governed by California law and neither Texas nor this Court is presumed familiar with California law.

### 3. Local Interests

This factor weighs slightly against transfer to Texas. Ohio has an obvious interest in litigation that impacts an Ohio company. But it is the Ohio company's conduct related to Texas that is being litigated. This contract dispute concerns two accounts, which are both located in Texas. Most of the persons involved in the conduct surrounding the alleged breach of contract related to the two accounts, including alleged tortious interferer Bailey, are Texas residents. Thus, Texas also has an interest in litigation concerning its citizens and entities doing business in the state. Still, the force of any effect of the litigation between APC and Envision will be felt in Ohio, or California, where the two contract parties are located, and "[t]he interests of justice are promoted when a localized controversy is resolved in the region that it impacts." *Stewart v. Am. Eagle Airlines, Inc.*, No. 3:10-00494, 2010 WL 4537039, at *4 (M.D. Tenn. Nov. 3, 2010) (quoting *New Hope Power Co. v. U.S. Army Corps of Eng'rs*, No. 09–2413, 2010 WL 2838538 at *5 (D.D.C. July 20, 2010)).

### 4. Judicial Economy

Having decided to transfer APC's claim against Bailey, this factor weighs heavily in favor of transfer. APC's claim of tortious interference with a contract against Bailey is directly related to APC's claim of breach of contract against Envision. While the Court acknowledges some uniqueness to each claim, there is undeniable overlap between the claims, the facts, the evidence, and the witnesses. Further, severing the claims could lead to inconsistent judgments if, for example, an Ohio fact finder concludes—as Envision seems to suggest (*see* Doc. No. 67, at 2)—that Envision did not breach the Agreement with respect to Smith County because Smith County was Envision's client before the Agreement, so APC was not owed any money for Smith County—but then a Texas fact finder concludes that Bailey is liable for tortious interference with a contract related to Smith County because APC did induce Smith County to use Envision's services and was owed money until Bailey interfered. *See Phillips v. Robinson*, No. 5:12-cv-2323, 2013 WL 3990756, at *15 (N.D. Ohio Aug. 2, 2013) ("One factor that courts have found to weigh strongly in favor of transfer is the risk of duplicative proceedings and potentially inconsistent judgments."); *see also Waal v. AFS Techs., Inc.*, No. 1:14–cv–94, 2014 WL 1347794, at *9 (W.D. Mich. Apr. 4, 2014) ("[T]he interest of justice factor (i.e., promotion of judicial economy, avoidance of inconsistent judgments) may be decisive in ruling on a transfer motion, even though the convenience of the parties and witnesses point in a different direction." (internal quotation marks and citation omitted)).

### 5. Plaintiff's Choice of Forum

This factor also weighs in favor of transfer. While APC brought this action in Ohio originally, APC now asks this Court to transfer the case to Texas given the changed circumstances. Namely, since APC filed its original complaint against Envision, APC added Bailey as a defendant,

but this Court then determined it could not exercise personal jurisdiction over Bailey. APC represents that it chose to add Bailey as a defendant to this action rather than bringing a separate action against Bailey in Texas because of the overlap between the claims against Bailey and Envision. (Doc. No. 66, at 20.) For that same reason, APC now asks this Court to transfer its claim against Envision to Texas because "the same court should decide the intertwined dispute." (*Id.*) This Court agrees.

## IV. CONCLUSION

For the reasons set forth herein, the Court finds that it is in the interest of justice to transfer this entire action to the United States District Court for the Northern District of Texas. Bailey's motion to dismiss for lack of personal jurisdiction (Doc. No. 49) is GRANTED IN PART in that the Court finds that it does not have personal jurisdiction over Bailey, but DENIED IN PART in that, rather than dismiss APC's claim against Bailey, the claim shall be transferred to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1406(a). Further, APC's claim against Envision shall be transferred pursuant to 28 U.S.C. § 1404(a). This action is hereby ordered transferred to the United States District Court for the Northern District of Texas.

**IT IS SO ORDERED**.

Dated: November 28, 2022

                                                  **HONORABLE SARA LIOI**
                                                  **UNITED STATES DISTRICT JUDGE**